1

```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


 UNITED STATES OF AMERICA        )
                                 )
                                 )
 vs.                             )  CR No. 11-10326-NMG
                                 )
                                 )
 MICHAEL MOLLER                  )


 BEFORE:  THE HONORABLE NATHANIEL M. GORTON


                              PLEA


 APPEARANCES:

     OFFICE OF THE UNITED STATES ATTORNEY (By:  Eric
     Christofferson, AUSA), One Courthouse Way, Boston,
     Massachusetts 02210.  On Behalf of the Government.

     COLLORA LLP (By:  Robert L. Peabody, Esq., and Jason
     Casey, Esq.), 600 Atlantic Avenue, Boston, Massachusetts
     02210.  On Behalf of the Defendant.


            John Joseph Moakley United States Courthouse
                          Courtroom No. 4
                         One Courthouse Way
                          Boston, MA 02210
                      Tuesday, January 22, 2013
                             2:05 p.m.


                     Cheryl Dahlstrom, RMR, CRR
                       Official Court Reporter
            John Joseph Moakley United States Courthouse
                   One Courthouse Way, Room 3209
                          Boston, MA 02210
              Mechanical Steno - Transcript by Computer
```

```
                    P R O C E E D I N G S
          THE CLERK:  This is Criminal Action No. 11-10326, the
United States of America v. Michael Moller.  Will counsel
please identify themselves for the record.
          MR. CHRISTOFFERSON:  Good afternoon, your Honor.  Eric
Christofferson for the United States.
          THE COURT:  Mr. Christofferson, good afternoon.
          MR. PEABODY:  Good afternoon, your Honor.  Bob Peabody
for Mr. Moller, who's sitting at counsel table.
          THE COURT:  Good afternoon, Mr. Peabody and Mr.
Moller.
          I understand, Mr. Peabody, that your client is here to
change his plea, is that correct?
          MR. PEABODY:  That's correct, your Honor.
          THE COURT:  Then if he would take the witness stand,
you may join him if you wish.
(Defendant sworn.)
          THE CLERK:  Thank you.  You may be seated.
          THE COURT:  Good afternoon again, Mr. Moller.  Do you
understand that you are now under oath and that if you answer
any of my questions falsely, those answers may later be used
against you in a prosecution for perjury or making a false
statement?  Do you understand that?
          MR. MOLLER:  I do, your Honor.
          THE COURT:  Would you please state your full name for
```

```
 1    the record.
 2              MR. MOLLER:  Michael John Moller.
 3              THE COURT:  How old are you, Mr. Moller?
 4              MR. MOLLER:  Thirty-three.
 5              THE COURT:  What is your educational background?
 6              MR. MOLLER:  I completed high school with a few years
 7    of college classes.
 8              THE COURT:  Where did you complete high school?
 9              MR. MOLLER:  Dennis-Yarmouth Regional.
02:06 10        THE COURT:  Here in Massachusetts?
11              MR. MOLLER:  Yes.
12              THE COURT:  Have you ever been treated for any mental
13    illness or addiction to narcotic drugs of any kind.
14              MR. MOLLER:  I'm currently being treated for mental
15    illness, Judge.
16              THE COURT:  Where is that?  At the facility, at the
17    prison facility?
18              MR. MOLLER:  That's correct.
19              THE COURT:  What sort of treatment are you undergoing?
02:07 20        MR. MOLLER:  There is no --
21              MR. PEABODY:  Medication.
22              MR. MOLLER:  Just medication, Judge.
23              THE COURT:  Do you know what it is that you're taking
24    in that regard?
25              MR. MOLLER:  I do.
```

```
 1              THE COURT:  Can you describe it for the Court?
 2              MR. MOLLER:  I take Zoloft.  I also take Propranolol,
 3   and I take lithium.
 4              THE COURT:  On a daily basis?
 5              MR. MOLLER:  Yes, Judge.
 6              THE COURT:  Have you told me all the drugs that you
 7   take?
 8              MR. MOLLER:  Those are the current ones, yes.
 9              THE COURT:  Do any of those drugs make it difficult or
10   make it impossible for you to understand my questions or to
11   answer them?
12              MR. MOLLER:  No, your Honor.
13              THE COURT:  Okay.  Other than those drugs that you
14   have mentioned, are you -- are you presently under the
15   influence of any other drug, medication or alcoholic beverage
16   of any kind?
17              MR. MOLLER:  No, your Honor.
18              THE COURT:  Have you received a copy of the Indictment
19   pending against you in this case, that is, the written charges
20   made against you, and have you discussed those charges and the
21   case in general with Mr. Peabody as your lawyer?
22              MR. MOLLER:  I have, your Honor.
23              THE COURT:  In your own words, Mr. Moller, what do you
24   understand you're being charged with here this afternoon?
25              MR. MOLLER:  I'm being charged with four counts of
```

Timestamps: 02:07 (line 10), 02:08 (line 20)

1    armed bank robbery.

2            THE COURT:  Are you fully satisfied with the counsel,

3    representation, and advice given to you by Mr. Peabody as your

4    lawyer?

5            MR. MOLLER:  I am, your Honor.

6            THE COURT:  I understand there is a written plea

7    agreement between you and the government.  I would ask Mr.

8    Christofferson to outline the provisions of that agreement for

9    both of us.

02:08 10            MR. CHRISTOFERSON:  Yes, your Honor.  In the

11   agreement, the defendant does agree to plead guilty to all four

12   counts in the Superseding Indictment.  In consideration of the

13   agreement, one of the things that the defendant is agreeing to

14   do is to withdraw his motion to suppress as laid out in

15   Paragraph 1.

16           The sentencing guidelines section on Page 2, there is

17   an agreement with the parties with respect to the offense level

18   calculation.  And that's set forth in the Roman numeral

19   paragraphs.

02:09 20           The sentencing recommendation, which appears on Page

21   4, is incarceration within the sentencing guideline range as

22   calculated by the Court at sentencing.  And, again, this is

23   what the U.S. Attorney's Office is agreeing to recommend.  The

24   defendant is not agreeing --

25           THE COURT:  Just in that regard, Mr. Christofferson.

```
 1                MR. CHRISTOFFERSON:  Yes.
 2                THE COURT:  If it turns out that the total offense
 3    level is 26 and the Criminal History Category III applies, the
 4    guideline range is 78 to 97 months, is that correct?
 5                MR. CHRISTOFFERSON:  That would be the government's
 6    calculation, your Honor, yes.
 7                THE COURT:  Okay.
 8                MR. CHRISTOFFERSON:  Your Honor, in addition to the
 9    standard provisions, there is a waiver of appeal rights that is
10    contained in Paragraph 6.
11                With respect to sentencing, the defendant is also
12    waiving his rights to appeal or collaterally challenge his
13    sentence, as put forward in Paragraph 7.
14                Your Honor, there is a cooperation provision.
15                THE COURT:  Again, in particular, in that particular
16    paragraph, the defendant agrees that he will not challenge any
17    sentence that is 97 months or less, is that correct?
18                MR. CHRISTOFFERSON:  That's correct, your Honor.
19                THE COURT:  Okay.
20                MR. CHRISTOFFERSON:  Well --
21                THE COURT:  Paragraph 6(c)?
22                MR. CHRISTOFFERSON:  Yes, yes, your Honor, yes,
23    correct, which is in Paragraph 6, yes, your Honor.
24                Your Honor, and then there is a cooperation provision
25    in Paragraph 8.  To the extent that the U.S. Attorney's Office
```

1   later determines that the defendant has provided substantial
2   assistance, it may, in its -- then in its discretion, make a
3   motion for substantial assistance to the Court, which would
4   allow 5K1.1 departure if that were appropriate.
5       And in addition to that, your Honor, there are the
6   standard conditions that appear in the rest of the agreement.
7       THE COURT: Mr. Moller, are those the terms of your
8   agreement with the government as you understand them?
9       MR. MOLLER: Yes, they are, your Honor.
02:11 10   THE COURT: Has anyone made any other or different
11  promise or assurance to you of any kind in an effort to make
12  you plead guilty here this afternoon?
13      MR. MOLLER: No, your Honor.
14      THE COURT: Do you understand that the Court does not
15  have to follow the government's recommendation or your
16  unopposed request; and if it does not, you, nevertheless, will
17  still be bound by your plea of guilty and will have no right to
18  withdraw it? Do you understand that?
19      MR. MOLLER: I do, your Honor.
02:11 20   THE COURT: Has anyone attempted in any way to force
21  you to plead guilty here this afternoon?
22      MR. MOLLER: No.
23      THE COURT: Do you understand that the offense to
24  which you are pleading guilty is a felony and that if that plea
25  is accepted by this Court, you will be judged guilty of that

1   offense and that such adjudication may deprive you of valuable
2   civil rights such as the right to vote, the right to hold
3   public office, the right to serve on a jury, the right to
4   possess any kind of firearm?  Do you understand all of that?
5         MR. MOLLER:  I do, your Honor.
6         THE COURT:  All right.  Then, Mr. Christofferson, will
7   you inform the defendant of the maximum possible penalties that
8   he faces and if there are any mandatory minimums.
9         MR. CHRISTOFFERSON:  Your Honor, there are no
10  mandatory minimums, but with respect to each of the four counts
11  of armed bank robbery in the Superseding Indictment, the
12  maximum penalties are incarceration for a period of not more
13  than 25 years; supervised release for a period of five years; a
14  fine of $250,000; and a mandatory special assessment of $100;
15  plus restitution and forfeiture as set forth in the indictment.
16        THE COURT:  Mr. Moller, do you understand the possible
17  consequences of your plea here this afternoon?
18        MR. MOLLER:  I do, your Honor.
19        THE COURT:  Now, under the Sentencing Reform Act of
20  1984, the United States Sentencing Commission issued guidelines
21  for judges to follow when imposing sentences in criminal cases.
22  Have you and Mr. Peabody, as your lawyer, discussed how those
23  guidelines may apply in your specific case?
24        MR. MOLLER:  Yes, we have, your Honor.
25        THE COURT:  Do you understand that several years ago

```
 1    the United States Supreme Court rendered the sentencing
 2    guidelines advisory rather than mandatory, meaning that I have
 3    the discretion to sentence you anywhere in the statute
 4    governing the crime to which you plead guilty and that I'm not
 5    required to sentence you within the guidelines or even in
 6    accordance with the factors that are contained in those
 7    guidelines?  Do you understand that?
 8              MR. MOLLER:  I do, your Honor.
 9              THE COURT:  Do you further understand that the Court
10    will not be able to determine even what advisory guideline
11    applies until after a Presentence Report has been prepared for
12    me by the Probation Department and both you and the government
13    have had a chance to challenge the facts that are set forth in
14    that report?  Do you understand that?
15              MR. MOLLER:  I do, your Honor.
16              THE COURT:  Further, do you understand that after it
17    has been determined what the advisory guideline is, the judge
18    -- in this case that means me -- has the authority in some
19    circumstances to impose a sentence that is more severe or less
20    severe than those called for in the guidelines?  Do you
21    understand that?
22              MR. MOLLER:  I do, your Honor.
23              THE COURT:  Do you understand that, for all practical
24    purposes, you will have waived your right to appeal any
25    sentence so long as it is 97 months or less?  Do you understand
```

```
 1    that?
 2            MR. MOLLER:  I do, your Honor.
 3            THE COURT:  Finally, do you understand that parole has
 4    been abolished; and if you are sentenced to be imprisoned, you
 5    will not be released on that parole?  Do you understand that?
 6            MR. MOLLER:  I do.
 7            THE COURT:  Then, Mr. Moller, do you understand
 8    generally that you have a right to plead not guilty to any
 9    charge against you and to persist in that plea and that you
10    would then have the right to a trial by jury, during which you
11    would have the right to be represented by a lawyer in your
12    defense; you would have the right to see and hear all of the
13    witnesses and have them cross-examined in your defense; you
14    would have the right on your own part to decline to testify
15    unless you voluntarily agree to do so; and you would have the
16    right to the issuance of subpoenas or compulsory process to
17    compel the attendance of witnesses to testify in your defense?
18    Do you understand all of that?
19            MR. MOLLER:  Yes, your Honor.
20            THE COURT:  Do you further understand that by entering
21    a plea of guilty, if that plea is accepted by this Court, there
22    will be no trial, and you will have waived or given up your
23    right to a trial by jury as well as those other rights
24    associated with such a trial that I just described?  Do you
25    understand that?
```

1          MR. MOLLER:  Yes, your Honor.

2          THE COURT:  Then, Mr. Christofferson, will you please

3  inform the defendant of exactly what facts the government would

4  prove if this matter were to go to trial.

5          MR. CHRISTOFFERSON:  Yes, your Honor.  If this matter

6  were to proceed to trial, the government would prove the

7  following beyond a reasonable doubt:  With respect to Count 1,

8  at approximately 12:30 p.m. on August 12, 2011, the defendant,

9  wearing a mask, entered the Sovereign Bank located at 430

10 William S. Channing Boulevard in Fall River.  He brandished

11 what appeared to be a firearm, pulled out two plastic bags,

12 moved toward the teller windows and demanded, "Give me all the

13 money, no dye packs."  One of the tellers said the defendant

14 held the gun close to his face while demanding money.  After

15 receiving the money, the defendant turned toward the assistant

16 manager and ordered her to lie on the floor, which she did.

17 The defendant then fled the bank with $4,093 in cash.

18         With respect to Count 2, at approximately 2:30 p.m. on

19 August 18, 2011, an individual, later identified as the

20 defendant, entered the Sovereign Bank located at 620 Gar

21 Highway in Swansea while wearing a white china doll mask.  He

22 charged towards a teller and brandished what appeared to be a

23 pistol.  The defendant then shouted, "This is a robbery.  Don't

24 call anyone or pull the alarm and no dye packs."  He then gave

25 two different tellers plastic shopping bags and ordered them to

1   fill the bags with money.  After the bags were filled, the

2   defendant fled with $4,549.

3          With respect to Count 3, at approximately 11:35 a.m.

4   on August 24, 2011, the defendant entered the Bank of America

5   located at 71 Faunce Corner Road in Dartmouth wearing a dark

6   ski mask.  And ran across the lobby toward the tellers and

7   shouted, "This is a bank robbery.  Get down on the floor."

8   Again, he handed two tellers two different plastic bags and

9   ordered them to fill the bags with money.  He pointed what

10  appeared to be a handgun at one of the tellers while doing so.

11  The defendant then fled the bank with $4,210.

12         Finally, with respect to Count 4, at approximately

13  1:00 p.m. on August 31, 2011, the defendant entered the

14  Rockland Trust Bank located at 855 Brayton Avenue in Fall River

15  and brandished what appeared to be a black semiautomatic

16  handgun.  He handed each of two tellers a plastic shopping bag

17  and instructed them three times to fill it up.  The tellers

18  complied, and he then fled the bank with $1,708.

19         These are essentially the facts the government would

20  prove, your Honor.

21         THE COURT:  All right.  Mr. Moller, do you have

22  anything to add to what Mr. Christofferson says the government

23  would be able to prove if this matter were to go to trial?

24         MR. MOLLER:  No, your Honor.

25         MR. PEABODY:  Judge, I would only add that it was a bb

1   gun.

2              THE COURT:  Do you disagree with anything that the --

3   that Mr. Christofferson says the government would be able to

4   prove?

5              MR. MOLLER:  No, your Honor.

6              THE COURT:  All right.  That being so, I would ask the

7   deputy clerk to inquire of the defendant as to how he now

8   wishes to plead.  And, Mr. Moller, will you please stand.

9              THE CLERK:  Mr. Moller, as to Counts 1, 2, 3, and 4 of

02:18  10   the four-count Superseding Indictment, charging you with armed

11   bank robbery, in violation of Title 18 of the United States

12   Code, Section 2113(a) and (d), you have previously pled not

13   guilty.  Do you now wish to change your plea?

14              MR. MOLLER:   I do.

15              THE CLERK:  What say you now as to Count 1S, guilty or

16   not guilty?

17              MR. MOLLER:  Guilty.

18              THE CLERK:  What say you now as to Count 2S, guilty or

19   not guilty?

02:19  20              MR. MOLLER:  Guilty.

21              THE CLERK:  What say you now as to Count 3S, guilty or

22   not guilty?

23              MR. MOLLER:  Guilty.

24              THE CLERK:  What say you now as to Count 4S, guilty or

25   not guilty?

```
 1            MR. MOLLER:  Guilty.
 2            THE CLERK:  Thank you.  You may be seated.
 3            THE COURT:  That being so, it is the finding of the
 4  Court in the case of the United States vs. Michael Moller that
 5  the defendant is fully competent and capable of entering an
 6  informed plea and that his plea of guilty is a knowing and
 7  voluntary plea, supported by an independent basis in fact,
 8  containing each of the essential elements of the offenses
 9  charged.  His plea is, therefore, accepted, and he is now
10  adjudged guilty of those offenses.
11            Mr. Moller, a Presentence Report will be prepared for
12  me by the Probation Department, and you will be asked to give
13  information for that report.  Your lawyer may be present if you
14  wish.  Both you and your lawyer will be given the opportunity
15  to read that Presentence Report before the sentencing hearing;
16  and at that hearing itself, not only your lawyer but you will
17  be afforded the opportunity to speak.  Do you understand all of
18  that?
19            MR. MOLLER:  I do, your Honor.
20            THE COURT:  All right.  Then the sentencing will be
21  scheduled for Thursday, May 2, 2013, at 3 p.m.  Any known
22  conflicts, Mr. Peabody?
23            MR. PEABODY:  No.  That's fine, your Honor.
24            THE COURT:  Or Mr. Christofferson?
25            MR. CHRISTOFFERSON:  No.  Thank you, your Honor.
```

1              THE COURT:  Then it will be Thursday, May 2, 2013, at
2     3 p.m.
3              The defendant is incarcerated.  There's no move to
4     change that status, I understand; is that right, Mr. Peabody?
5              MR. PEABODY:  That's correct.
6              THE COURT:  Is there any further business then to come
7     before the Court in these proceedings?
8              MR. PEABODY:  Not today.
9              MR. CHRISTOFFERSON:  No.  Thank you, your Honor.
02:20 10         THE COURT:  Thank you.  We're adjourned.
11             THE CLERK:  All rise.  The defendant is remanded.
12    (Whereupon, at 2:21 p.m. the hearing concluded.)
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T E

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter to the best of my skill and ability.

/s/Cheryl Dahlstrom                August 20, 2014
Cheryl Dahlstrom, RMR, CRR         Dated
Official Court Reporter